**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| TERESA SABBIE, individually, as personal Representative of the ESTATE OF MICHAEL SABBIE, and as parent and natural guardian of her minor children, T.S., T.S., and M.S.; SHANYKE NORTON, as parent and natural guardian of her minor child, M.S.; KIMBERLY WILLIAMS; MARCUS SABBIE; and CHARLISA CRUMP, § § § § § § § § § <br><br>Plaintiffs, § § <br>Vs. § § <br>SOUTHWESTERN CORRECTIONAL, LLC d/b/a LASALLE CORRECTIONS, LLC and LASALLE SOUTHWEST CORRECTIONS; LASALLE MANAGEMENT COMPANY, LLC; BOWIE COUNTY, TEXAS; the CITY of TEXARKANA, ARKANSAS; TIFFANY VENABLE, LVN; individually; M. FLINT, LVN, individually; GREGORY MONTOYA, M.D., individually, CLINT BROWN, Individually; NATHANIEL JOHNSON, Individually; BRIAN JONES, individually; ROBERT DERRICK, individually; DANIEL HOPKINS, individually; STUART BOOZER, Individually; ANDREW LOMAX, Individually; SHAWN PALMER, Individually; SIMONE NASH, individually; And JOHN and JANE DOES 1-10, § § § § § § § § § § § § § § § § § § § § § <br><br>Defendants. § | CIVIL ACTION NO. <br>5:17-CV-00113-RWS-CMC <br><br>**JURY TRIAL DEMANDED** |

**ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT,
AFFIRMATIVE DEFENSES, AND CROSS-CLAIMS OF THE CITY OF
TEXARKANA, ARKANSAS,**

1

**NOW COMES,** the City of Texarkana, Arkansas (the "City") and for its Original Answer to Plaintiffs' Original Complaint, Affirmative Defenses and Cross Claims, does state:

## I.    INTRODUCTION

1. The City admits that the Bi-State Justice Center Jail sits on the border of Texas and Arkansas and is run by a private, for-profit correctional corporation. All of the allegations contained in Paragraph 1 do not require admission or denial, but to the extent response is required, the same are denied.

2. The City denies the allegations named in Paragraph 2 of the Plaintiffs' Original Complaint and demands strict proof thereof.

## II. JURISDICTION AND VENUE

3. The City denies the allegations named in Paragraph 3 of the Plaintiffs' Original Complaint and demands strict proof thereof.

4. The City denies allegations contained in Paragraph 4 of the Plaintiffs' Original Complaint and demands strict proof thereof.

5. The City denies the allegations named in Paragraph 5 of the Plaintiffs' Original Complaint and demands strict proof thereof.

## III. PARTIES

6. The City is without sufficient information to admit or deny allegations contained in Paragraph 6 of the Plaintiffs' Original Complaint and, therefore, denies the same and demands strict proof thereof.

7. The City is without sufficient information to admit or deny allegations contained in Paragraph 7 of the Plaintiffs' Original Complaint and, therefore, denies the same and demands strict proof thereof.

8. The City is without sufficient information to admit or deny allegations contained in Paragraph 8 of the Plaintiffs' Original Complaint and, therefore, denies the same and demands strict proof thereof.

9. The City is without sufficient information to admit or deny allegations contained in Paragraph 9 of the Plaintiffs' Original Complaint and, therefore, denies the same and demands strict proof thereof.

10. The City is without sufficient information to admit or deny allegations contained in Paragraph 10 of the Plaintiffs' Original Complaint and, therefore, denies the same and demands strict proof thereof.

**B. Defendants**

    **1. The Municipal Defendants**

11. The City admits that Bowie County is a governmental entity and a political subdivision of the State of Texas. Defendant admits that parties other than the City are responsible for operating the Bi-State Justice Center Jail and that the same sits on the border of Texas and Arkansas. The City admits that the Bi-State Justice Center Jail houses both pre-trial detainees and convicted inmates. Except as specifically admitted herein, the City denies each and every other allegation contained in Paragraph 11 of the Plaintiffs' Original Complaint and demands strict proof thereof.

12. The City admits that it is a governmental entity organized and existing pursuant to the laws of the State of Arkansas. Except as specifically admitted herein, the City denies each and every other allegation contained in Paragraph 12 of the Plaintiffs' Original Complaint and demands strict proof thereof.

13. The City admits that a private, for-profit correctional corporation operates and manages all aspects of the Bi-State Justice Center Jail. The City denies each and every other allegation contained in Paragraph 13 of the Plaintiffs' Original Complaint and demands strict proof thereof.

    **2. Corporate Defendants**

14. The City is without sufficient information to admit or deny the allegations contained in Paragraph 14 of the Plaintiffs' Original Complaint and, therefore, denies the same and demands strict proof thereof.

15. The City is without sufficient information to admit or deny allegations

contained in Paragraph 15 of the Plaintiffs' Original Complaint and, therefore, denies the same and demands strict proof thereof.

### 3. The Individual Defendants

16. The City is without sufficient information to admit or deny allegations contained in Paragraph 16 of the Plaintiffs' Original Complaint and, therefore, denies the same and demands strict proof thereof.

17. The City is without sufficient information to admit or deny allegations contained in Paragraph 17 of the Plaintiffs' Original Complaint and, therefore, denies the same and demands strict proof thereof.

18. The City is without sufficient information to admit or deny allegations contained in Paragraph 18 of the Plaintiffs' Original Complaint and, therefore, denies the same and demands strict proof thereof.

19. The City is without sufficient information to admit or deny allegations contained in Paragraph 19 of the Plaintiffs' Original Complaint and, therefore, denies the same and demands strict proof thereof.

20. The City is without sufficient information to admit or deny allegations contained in Paragraph 20 of the Plaintiffs' Original Complaint and, therefore, denies the same and demands strict proof thereof.

21. The City is without sufficient information to admit or deny allegations contained in Paragraph 21 of the Plaintiffs' Original Complaint and, therefore, denies the same and demands strict proof thereof.

22. The City is without sufficient information to admit or deny allegations contained in Paragraph 22 of the Plaintiffs' Original Complaint and, therefore, denies the same and demands strict proof thereof.

23. The City is without sufficient information to admit or deny allegations contained in Paragraph 23 of the Plaintiffs' Original Complaint and, therefore, denies the same and demands strict proof thereof.

24. The City is without sufficient information to admit or deny allegations

contained in Paragraph 24 of the Plaintiffs' Original Complaint and, therefore, denies the same and demands strict proof thereof.

25. The City is without sufficient information to admit or deny allegations contained in Paragraph 25 of the Plaintiffs' Original Complaint and, therefore, denies the same and demands strict proof thereof.

26. The City is without sufficient information to admit or deny allegations contained in Paragraph 26 of the Plaintiffs' Original Complaint and, therefore, denies the same and demands strict proof thereof.

27. The City is without sufficient information to admit or deny allegations contained in Paragraph 27 of the Plaintiffs' Original Complaint and, therefore, denies the same and demands strict proof thereof.

28. The City is without sufficient information to admit or deny allegations contained in Paragraph 28 of the Plaintiffs' Original Complaint and, therefore, denies the same and demands strict proof thereof.

### IV. FACTUAL ALLEGATIONS

29. The City is without sufficient information to admit or deny allegations contained in Paragraph 29 of the Plaintiffs' Original Complaint and, therefore, denies the same and demands strict proof thereof.

30. The City is without sufficient information to admit or deny allegations contained in Paragraph 30 of the Plaintiffs' Original Complaint and, therefore, denies the same and demands strict proof thereof.

31. The allegations contained in Paragraph 31 of Plaintiffs' Original Complaint are legal conclusions and do not require admission or denial; to the extent response is required, the same are denied and strict proof is demanded thereof.

32. The City is without sufficient information to admit or deny allegations contained in Paragraph 32 of the Plaintiffs' Original Complaint and, therefore, denies the same and demands strict proof thereof.

33. The City is without sufficient information to admit or deny allegations

contained in Paragraph 33 of the Plaintiffs' Original Complaint and, therefore, denies the same and demands strict proof thereof.

34. The City is without sufficient information to admit or deny allegations contained in Paragraph 34 of the Plaintiffs' Original Complaint and, therefore, denies the same and demands strict proof thereof.

35. The City is without sufficient information to admit or deny allegations contained in Paragraph 35 of the Plaintiffs' Original Complaint and, therefore, denies the same and demands strict proof thereof.

36. The City is without sufficient information to admit or deny allegations contained in Paragraph 36 of the Plaintiffs' Original Complaint and, therefore, denies the same and demands strict proof thereof.

37. The City is without sufficient information to admit or deny allegations contained in Paragraph 37 of the Plaintiffs' Original Complaint and, therefore, denies the same and demands strict proof thereof.

38. The City is without sufficient information to admit or deny allegations contained in Paragraph 38 of the Plaintiffs' Original Complaint and, therefore, denies the same and demands strict proof thereof.

39. The City is without sufficient information to admit or deny allegations contained in Paragraph 39 of the Plaintiffs' Original Complaint and, therefore, denies the same and demands strict proof thereof.

40. The City is without sufficient information to admit or deny allegations contained in Paragraph 40 of the Plaintiffs' Original Complaint and, therefore, denies the same and demands strict proof thereof.

41. The City is without sufficient information to admit or deny allegations contained in Paragraph 41 of the Plaintiffs' Original Complaint and, therefore, denies the same and demands strict proof thereof.

42. The City is without sufficient information to admit or deny allegations contained in Paragraph 42 of the Plaintiffs' Original Complaint and, therefore, denies the

same and demands strict proof thereof.

43. The City is without sufficient information to admit or deny allegations contained in Paragraph 43 of the Plaintiffs' Original Complaint and, therefore, denies the same and demands strict proof thereof.

44. The City is without sufficient information to admit or deny allegations contained in Paragraph 44 of the Plaintiffs' Original Complaint and, therefore, denies the same and demands strict proof thereof.

45. The City is without sufficient information to admit or deny allegations contained in Paragraph 45 of the Plaintiffs' Original Complaint and, therefore, denies the same and demands strict proof thereof.

46. The City is without sufficient information to admit or deny allegations contained in Paragraph 46 of the Plaintiffs' Original Complaint and, therefore, denies the same and demands strict proof thereof.

47. The City is without sufficient information to admit or deny allegations contained in Paragraph 47 of the Plaintiffs' Original Complaint and, therefore, denies the same and demands strict proof thereof.

48. The City is without sufficient information to admit or deny allegations contained in Paragraph 48 of the Plaintiffs' Original Complaint and, therefore, denies the same and demands strict proof thereof.

49. The City is without sufficient information to admit or deny allegations contained in Paragraph 49 of the Plaintiffs' Original Complaint and, therefore, denies the same and demands strict proof thereof.

50. The City is without sufficient information to admit or deny allegations contained in Paragraph 50 of the Plaintiffs' Original Complaint and, therefore, denies the same and demands strict proof thereof.

51. The City is without sufficient information to admit or deny allegations contained in Paragraph 51 of the Plaintiffs' Original Complaint and, therefore, denies the same and demands strict proof thereof.

52. The City is without sufficient information to admit or deny allegations contained in Paragraph 52 of the Plaintiffs' Original Complaint and, therefore, denies the same and demands strict proof thereof.

53. The City is without sufficient information to admit or deny allegations contained in Paragraph 53 of the Plaintiffs' Original Complaint and, therefore, denies the same and demands strict proof thereof.

54. The City is without sufficient information to admit or deny allegations contained in Paragraph 54 of the Plaintiffs' Original Complaint and, therefore, denies the same and demands strict proof thereof.

55. The City is without sufficient information to admit or deny allegations contained in Paragraph 55 of the Plaintiffs' Original Complaint and, therefore, denies the same and demands strict proof thereof.

56. The City is without sufficient information to admit or deny allegations contained in Paragraph 56 of the Plaintiffs' Original Complaint and, therefore, denies the same and demands strict proof thereof.

57. The City is without sufficient information to admit or deny allegations contained in Paragraph 57 of the Plaintiffs' Original Complaint and, therefore, denies the same and demands strict proof thereof.

58. The City is without sufficient information to admit or deny allegations contained in Paragraph 58 of the Plaintiffs' Original Complaint and, therefore, denies the same and demands strict proof thereof.

59. The City is without sufficient information to admit or deny allegations contained in Paragraph 59 of the Plaintiffs' Original Complaint and, therefore, denies the same and demands strict proof thereof.

60. The City is without sufficient information to admit or deny allegations contained in Paragraph 60 of the Plaintiffs' Original Complaint and, therefore, denies the same and demands strict proof thereof.

61. The City is without sufficient information to admit or deny allegations

contained in Paragraph 61 of the Plaintiffs' Original Complaint and, therefore, denies the same and demands strict proof thereof.

62. The City is without sufficient information to admit or deny allegations contained in Paragraph 62 of the Plaintiffs' Original Complaint and, therefore, denies the same and demands strict proof thereof.

63. The City is without sufficient information to admit or deny allegations contained in Paragraph 63 of the Plaintiffs' Original Complaint and, therefore, denies the same and demands strict proof thereof.

64. The City is without sufficient information to admit or deny allegations contained in Paragraph 64 of the Plaintiffs' Original Complaint and, therefore, denies the same and demands strict proof thereof.

65. The allegations contained in Paragraph 65 of Plaintiffs' Original Complaint are legal conclusions and do not require admission or denial; to the extent response is required, the same are denied and strict proof is demanded thereof.

66. The allegations contained in Paragraph 66 of Plaintiffs' Original Complaint are legal conclusions and do not require admission or denial; to the extent response is required, the same are denied and strict proof is demanded thereof.

67. The allegations contained in Paragraph 67 of Plaintiffs' Original Complaint are legal conclusions and do not require admission or denial; to the extent response is required, the same are denied and strict proof is demanded thereof.

68. The allegations contained in Paragraph 68 of Plaintiffs' Original Complaint are legal conclusions and do not require admission or denial; to the extent response is required, the same are denied and strict proof is demanded thereof.

69. The allegations contained in Paragraph 69 of Plaintiffs' Original Complaint are legal conclusions and do not require admission or denial; to the extent response is required, the same are denied and strict proof is demanded thereof.

**B. Additional Facts Applicable to the Corporate Defendants**

70. The City is without sufficient information to admit or deny allegations

contained in Paragraph 70 of the Plaintiffs' Original Complaint and, therefore, denies the same and demands strict proof thereof.

71. The allegations contained in Paragraph 71 of Plaintiffs' Original Complaint are legal conclusions and do not require admission or denial; to the extent response is required, the same are denied and strict proof is demanded thereof.

72. The allegations contained in Paragraph 72 of Plaintiffs' Original Complaint are legal conclusions and do not require admission or denial; to the extent response is required, the same are denied and strict proof is demanded thereof.

73. The allegations contained in Paragraph 73 of Plaintiffs' Original Complaint are legal conclusions and do not require admission or denial; to the extent response is required, the same are denied and strict proof is demanded thereof.

74. The allegations contained in Paragraph 74 of Plaintiffs' Original Complaint are legal conclusions and do not require admission or denial; to the extent response is required, the same are denied and strict proof is demanded thereof.

75. The allegations contained in Paragraph 75 of Plaintiffs' Original Complaint are legal conclusions and do not require admission or denial; to the extent response is required, the same are denied and strict proof is demanded thereof.

76. The allegations contained in Paragraph 76 of Plaintiffs' Original Complaint are legal conclusions and do not require admission or denial; to the extent response is required, the same are denied and strict proof is demanded thereof.

77. The allegations contained in Paragraph 77 of Plaintiffs' Original Complaint are legal conclusions and do not require admission or denial; to the extent response is required, the same are denied and strict proof is demanded thereof.

78. The allegations contained in Paragraph 78 of Plaintiffs' Original Complaint are legal conclusions and do not require admission or denial; to the extent response is required, the same are denied and strict proof is demanded thereof.

**C. Additional Facts Applicable to the Municipal Defendants**

    **1.    Bowie County**

79. The City denies the allegations contained in Paragraph 79 of the Plaintiffs' Original Complaint and demands strict proof thereof.

### 2. Texarkana

80. The City denies the allegations contained in Paragraph 80 of the Plaintiffs' Original Complaint and demands strict proof thereof.

## V. CAUSES OF ACTION

### A. Against the Corporate Defendants

#### 1. 42 U.S.C. § 1983

81. The allegations contained in Paragraph 81 of Plaintiffs' Original Complaint are legal conclusions and do not require admission or denial; to the extent response is required, the same are denied and strict proof is demanded thereof.

#### 2. Arkansas Wrongful Death and Survival

82. The allegations contained in Paragraph 82 of Plaintiffs' Original Complaint are legal conclusions and do not require admission or denial; to the extent response is required, the same are denied and strict proof is demanded thereof.

### B. Against the Municipal Defendants

#### 1. 42 U.S.C. § 1983

83. The allegations contained in Paragraph 83 of Plaintiffs' Original Complaint are legal conclusions and do not require admission or denial; to the extent response is required, the same are denied and strict proof is demanded thereof.

#### 2. Arkansas Wrongful Death and Survival

84. The allegations contained in Paragraph 84 of Plaintiffs' Original Complaint are legal conclusions and do not require admission or denial; to the extent response is required, the same are denied and strict proof is demanded thereof.

### C. Against Individual Defendants

#### 1. 42 U.S.C. § 1983

85. The allegations contained in Paragraph 85 of Plaintiffs' Original Complaint are legal conclusions and do not require admission or denial; to the extent response is

required, the same are denied and strict proof is demanded thereof.

### 2.     Arkansas Wrongful Death and Survival

86.     The allegations contained in Paragraph 86 of Plaintiffs' Original Complaint are legal conclusions and do not require admission or denial; to the extent response is required, the same are denied and strict proof is demanded thereof.

87.     Those allegations contained in Plaintiffs' Original Complaint that have not been specifically admitted by this Answer are hereby denied and strict proof is demanded thereof.

### VI.     JURY DEMAND

88.     The City joins the Plaintiffs and their request for a trial by jury.

### VII. PLAINTIFFS' PRAYER FOR RELIEF

89.     The allegations contained in Section VII entitled "Prayer for Relief" are not facts subject to admission or denial.  To the extent response is required each and every allegation contained in VII entitled "Prayer for Relief" of Plaintiff's Original Complaint, including, without limitations, subparts A, B, C, D and E, are denied and strict proof is demanded thereof.

### VIII.  AFFIRMATIVE DEFENSES

90.     Affirmatively pleading, the City is not an entity required to maintain a registered agent in the State of Texas, nor is the City subject to service of process by summons directed to or via the Texas Secretary of State.  Accordingly, the City asserts:

a.     Insufficient Process; and,

b.     Insufficiency of Service of Process.

91.     The City affirmatively asserts lack of subject matter jurisdiction; including, without limitation, expiration of the applicable statute of limitations and/or application of statute of repose.

92.     The City affirmatively asserts to the extent that the Plaintiffs, or any of them, have sustained damages, their damages are direct and a proximate result of some superseding or intervening causation or their own actions, their own decedent's conduct or the actions of

persons or entities not affiliated with the City.

93. The City further affirmatively asserts of the following affirmative defenses:

a. Sovereign immunity from punitive damages (including, without limitation, sovereign immunity from punitive damages).

b. Qualified immunity;

c. To the extent the City is sued for common law or statutory torts, it asserts tort immunity; including, without limitation as set forth in Ark. Code Ann. § 21-9-301.

94. The City affirmatively asserts that at no time has it had policy, practice, or custom which resulted in violation of the Decedent's constitutional rights or any constitutional right of any Plaintiff.

95. The City affirmatively asserts the following:

a. Sovereign Immunity; and,

b. The Plaintiffs or any of them failed to mitigate damages.

c. lack of personal jurisdiction as to the City.

d. The Plaintiffs' failure to state a cause of action.

e. The Plaintiffs' failure to join a necessary or all necessary parties.

f. Any of Plaintiffs' claims for punitive or exemplary damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, the Texas Constitution, the Arkansas Constitution, and applicable provisions of Arkansas and Texas.

h. The City adopts by reference any other affirmative defense of any other Defendant herein, now or hereafter named.

## IX. CROSS-CLAIMS

96. The allegations contained in the Original Complaint incorporated by reference as if fully set at length herein without admitting the same.

97. The allegations contained in Plaintiff's Original Complaint, while denied, are reasserted in their entirety against each and every other separate defendant named herein, without admitting the same.

98. Affirmatively pleading, the City, as a beneficiary of one or more agreements existing by, between and/or among Southwestern Correctional, LLC, LaSalle Corrections, LLC, Lasalle Southwest Corrections, LaSalle Management Company, Bowie County, Texas, and/or the City, is entitled to indemnity from and against any loss herein.

99. The City has placed demand for indemnity and defense upon one or more of such other named defendants with the obligation to indemnify herein.

100. **Cross-Claim for Contribution and Indemnity- Southwestern Correctional, LLC.** If the allegations contained in Plaintiffs' Original Complaint against the City are proven to be true, then Southwestern Correctional, LLC directly, individually, solely, or in conjunction with any other named Defendant herein is liable over to the City for contribution, indemnity, common law indemnity and/or contractual indemnity for all amounts awarded to the Plaintiffs or any of them.

101. **Cross-Claim for Contribution and Indemnity- LaSalle Corrections, LLC.** If the allegations contained in Plaintiffs' Original Complaint against the City are proven to be true, then LaSalle Corrections, LLC directly, individually, solely, or in conjunction with any

other named Defendant herein is liable over to the City for contribution, indemnity, common law indemnity and/or contractual indemnity for all amounts awarded to the Plaintiffs or any of them.

102. **Cross-Claim for Contribution and Indemnity- LaSalle Southwest Corrections.** If the allegations contained in Plaintiffs' Original Complaint against the City are proven to be true, then LaSalle Southwestern Corrections directly, individually, solely, or in conjunction with any other named Defendant herein is liable over to the City for contribution, indemnity, common law indemnity and/or contractual indemnity for all amounts awarded to the Plaintiffs or any of them.

103. **Cross-Claim for Contribution and Indemnity- LaSalle Management Company.** If the allegations contained in Plaintiffs' Original Complaint against the City are proven to be true, then LaSalle Management Company directly, individually, solely, or in conjunction with any other named Defendant herein is liable over to the City for contribution, indemnity, common law indemnity and/or contractual indemnity for all amounts awarded to the Plaintiffs or any of them.

104. **Cross-Claim for Contribution and Indemnity - Bowie County, Texas**. If the allegations contained in Plaintiffs' Original Complaint against the City are proven to be true, then Bowie County, Texas is directly, individually, solely, or in conjunction with any other named Defendant herein is liable over to the City for contribution, indemnity, common law indemnity and/or contractual indemnity for all amounts awarded to Plaintiffs or any of them.

105. **Cross-Claim for Contribution and Indemnity – All other Defendants, now or hereafter named**. If the allegations contained in Plaintiffs' Original Complaint against

the City are proven to be true, then any other Defendant, now or hereafter named, Texas is directly, individually, solely, or in conjunction with any other named Defendant herein is liable over to the City for contribution, indemnity, common law indemnity and/or contractual indemnity for all amounts awarded to Plaintiffs or any of them.

## X. RESERVATION OF RIGHT TO PLEAD FURTHER

106. The City reserves the right to file further affirmative defenses following discovery and prior to submission of this case to the jury.

107. The City specifically reserves the right to plead further in this case as evidence in discovery as developed.

## XI. ATTORNEYS' FEES

108. It was necessary for the City to secure the services of George M. Matteson, an attorney licensed to appear before this Court, to prepare the foregoing response to the cross claims filed herein. For the services rendered in connection with said defense, judgment for attorneys' fees, expenses and costs through trial should be granted.

**WHEREFORE,** the City prays that Plaintiffs' Complaint be dismissed with prejudice; that in the event that any Plaintiffs proves a right to recover, that such right be offset for the reasons set forth herein; that any recovery by any Plaintiff be against any party other than the City that this Court enter a corresponding judgment against such Defendant in favor of the City for contribution and/or indemnity for any amount awarded; and for an award of the reasonable attorneys' and expenses incurred by the City herein; and for all other relief to which the City is justly entitled.

                Respectfully submitted,

                By: /s/ George M. Matteson
                     George M. Matteson
                     MOORE, GILES & MATTESON, LLP
                     Texas Bar No. 24068185
                     1206 North State Line Avenue
                     Texarkana, AR  71854
                     Tel. (870) 774-5191
                     Fax. (870) 773-1102
                     george@mgmlawllp.com

**CERTIFICATE OF SERVICE**

I, George M. Matteson, do hereby certify that on this 6th day of July, 2017, electronically filed foregoing with the Clerk of Court using the CM-ECF System and the Clerk will send notification to the following:

Erik J. Heipt
Edwin S. Budge
BUDGE & HEIPT, PLLC
705 2nd Ave., Suite 910
Seattle, Washington 98104
ed@budgeandheip.com
erik@budgeandheipt.com

Matthew Q. Soyars
Bruce A. Flint
FLINT & SOYARS
2821 Richmond Road
Texarkana, Texas 75503
bflint@bruceflint.com
msoyars@bruceflint.com

                   /s/ George M. Matteson
                   George M. Matteson