IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| TERESA SABBIE, individually, as personal representative of the ESTATE OF MICHAEL SABBIE, and as parent and natural guardian of her minor children, T.S., T.S., and M.S.; SHANYKE NORTON, as parent and natural guardian of her minor child, M.S.; KIMBERLY WILLIAMS; MARCUS SABBIE; and CHARLISA CRUMP, *Plaintiffs* | § § § § § § § § § § | |
| v. | § § | NO. 5:17-CV-113 |
| SOUTHWESTERN CORRECTIONAL, LLC d/b/a LASALLE CORRECTIONS, LLC and LASALLE SOUTHWEST CORRECTIONS; LASALLE MANAGEMENT COMPANY, LLC; BOWIE COUNTY, TEXAS; the CITY of TEXARKANA, ARKANSAS; TIFFANY VENABLE, LVN, individually; M. FLINT, LVN, individually; CLINT BROWN, individually; NATHANIEL JOHNSON, individually; BRIAN JONES, individually; ROBERT DERRICK, individually; DANIEL HOPKINS, individually; STUART BOOZER, individually; ANDREW LOMAX, individually; SHAWN PALMER, individually; and SIMONE NASH, individually, *Defendants* | § § § § § § § § § § § § § § § § § | |

<u>**DEFENDANT CITY OF TEXARKANA, ARKANSAS' MOTION FOR SUMMARY JUDGMENT**</u>

Defendant City of Texarkana, Arkansas files this *Defendant's Motion for Summary Judgment*.

**Introduction**

1.   *Background*.  Michael Sabbie was a pre-trial detainee detained at the Bi-State Jail. Sabbie died during his detention at the Bi-State Jail, evidently due to health issues.  The Plaintiffs

filed this lawsuit against numerous entities and individuals alleging federal civil rights violations, (medical) negligence and wrongful death. *See Plaintiffs''s Original Complaint* (doc. 1).

2.  *MSJ*.  On October 31, 2017, this Court ordered the Defendants to file any motion for summary judgment by January 7, 2019. *Agreed Docket Control Order* (doc. 33).  Defendant City of Texarkana, Arkansas now files this motion for summary judgment on the basis that it had no involvement in the facts and matter the subject of this suit other than the arrest of Michael Sabbie based upon a complaint made by Teresa Sabbie on July 19, 2015.

## Summary Judgment Standard

3.  *Standard*.  The current standards for reviewing a motion for summary judgment were established in the Supreme Court's trilogy of *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), and *Matsushita Electrical Industrial Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).  Summary judgment is appropriate when the movant can demonstrate that the evidence, including pleadings and affidavits, establishes that there are no genuine issues of material fact. *Id*.  Summary judgment is proper if, after viewing all the evidence and drawing all reasonable inferences in the light most favorable to the non-moving party, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Id*.

4.  *No Evidence*.  Under federal law, when the nonmovant has the burden of proof at trial, the moving party may make a proper summary judgment motion, thereby shifting the summary judgment burden to the nonmovant, with an allegation that the nonmovant has failed to establish an element essential to that party's case. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326 (5th Cir. 2017)(citing *Thomas v. Barton Lodge II, Ltd.*, 174 F.3d 636, 644 (5th Cir. 1999)).

**Statement of Material Facts**

5. *Facts*. In July of 2015, Michael Sabbie was 35 years old, living in Texarkana, Arkansas, with his wife. *See Plaintiffs' Original Complaint* (doc. 1). On July 19, 2015 Sabbie had an altercation with his wife and threatened her. (*See* Ex. A, TAPD Domestic Violence Lethality Assessment, BC000357). His wife called police and Sabbie was arrested by the Texarkana, Arkansas Police Department. *See Plaintiffs' Original Complaint* (doc. 1). TAPD transported Mr. Sabbie to the Bi-State Jail that evening. *See Plaintiffs' Original Complaint* (doc. 1). The Bi-State Jail is a facility which houses detainees for Bowie County, Texas and Texarkana, Arkansas. *See Plaintiffs' Original Complaint* (doc. 1). However, it is operated under a contract with Southwestern Correctional, LLC, a private jail operator. *See Plaintiffs' Original Complaint* (doc. 1). At approximately 6:00 a.m. on July 22, officers found Sabbie unresponsive in his cell. *See Plaintiffs' Original Complaint* (doc. 1).

**Plaintiffs' Claims**

6. *Claims*. Plaintiffs filed suit alleging five claims against all Defendants, including the City of Texarkana, Arkansas:

> A. *U.S. Const. - Adequate Health Care*. Violation of Sabbie's right to adequate medical care, based upon the 14th Amendment and brought pursuant to 42 U.S.C. section 1983. (doc. 1 §V).
>
> B. *U.S. Const. - Excessive Force*. Violation of Sabbie's right to be free from excessive force, based upon the 14th Amendment and brought pursuant to 42 U.S.C. section 1983. (doc. 1 §V).
>
> C. *(Family) U.S. Const. - Adequate Health Care and Excessive Force*. Violation

of Sabbie's <u>family's</u> right to their relationship with Sabbie, based upon adequate medical care and excessive force brought pursuant to 42 U.S.C. section 1983. (doc. 1 §81,83).

D. *Arkansas Wrongful Death and Survival*. Medical negligence giving rise to wrongful death and survival. (doc. 1 §V).

E. *Arkansas Constitution*. Violation of Sabbie's right to adequate healthcare and to be free from excessive force based upon Article 2 section 8 and 15 and brought pursuant to §16-123-105. (doc. 1 §V).

**Summary Judgment Grounds - Statement of Issue**

7. Defendant Texarkana, Arkansas is entitled to summary judgment because there is no legal or factual basis for liability against Texarkana, Arkansas. The Plaintiffs allege that Texarkana, Arkansas is liable for constitutionally inadequate healthcare and excessive force. *See Plaintiffs' Original Complaint* ¶83 (doc. 1). However, Texarkana, Arkansas is not directly liable and is not liable for the actions of any other Defendant under any theory of law.

<u>Texarkana, Arkansas is not Directly Liable</u>

8. "[U]nder § 1983, local governments are responsible only for their own illegal acts." *Connick v. Thompson*, 563 U.S. 51, 131 S.Ct. 1350, 1358, 179 L.Ed.2d 417 (2011). That is because a municipality, of course, can act only through its human agents, but it is not vicariously liable under § 1983. *Oklahoma City v. Tuttle*, 471 U.S. 808, 817-18, 105 S.Ct. 2427, 2433, 85 L.Ed.2d 791 (1985) (plurality); *Monell v. Department of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978); *Benavides v. County of Wilson, Texas*, 955 F.2d 968, 972 (5th Cir. 1992).

9. Texarkana, Arkansas was not directly involved in the operation of the Bi-State Jail

sufficiently to be directly liable. Southwestern Correctional, LLC had a contract with Bowie County, Texas to operate the Bi-State Jail. *See* Affidavit of Rodney Cooper, Ex. B. Texarkana, Arkansas does not manage or operate the Bi-State Jail. *See* Affidavit of Robert Page, Ex. C. No Texarkana, Arkansas, officer or employee played a role in any of the facts described in the Plaintiff's Original Complaint other than the arrest of Michael Sabbie on July 19, 2015 and his appearance in court thereafter. *Id.*

10. Texarkana, Arkansas' only involvement was the fact that Sabbie was originally arrested by Texarkana Arkansas Police Department. However, Sabbie was booked into the Bi-State Jail on July 19, 2016. *See Plaintiffs' Original Complaint*. Therefore, TAPD did not have custody of Sabbie during the time period of any of the core facts giving rise to this litigation.

11. Plaintiffs' sole corrections expert, Captain Kenny Sanders, is very clear that he has no criticism of the City of Texarkana, Arkansas:

> Q: Do you have any specific criticisms regarding defendant the City of Texarkana, Arkansas?
> A: No.

*Ex. D, Deposition of Kenny Sanders, p. 148, lines 16-18*

Therefore, Texarkana, Arkansas is not liable for any action or inaction giving rise to the Plaintiff's claims for violations of the U.S. Constitution or Arkansas Constitution.

<u>Texarkana, Arkansas is not Liable under *Monell*</u>

12. Texarkana, Arkansas is not liable for the actions of the other Defendants based upon *Monell*. In *Monell v. Department of Social Services*, the Supreme Court rejected government liability based on the doctrine of respondeat superior under § 1983. 436 U.S. 658, 690-91 (1978); *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). However, local governments may be sued for

actions based upon a policy, ordinance, regulation, or decision officially adopted and promulgated by that body's officers or pursuant to governmental custom. *Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978). For example, a sheriff not personally involved in the acts that deprived the plaintiff of his constitutional rights is liable under section 1983 if: (1) the sheriff failed to train or supervise the officers involved; (2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and (3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights. *Thompson v. Upshur County Texas*, 245 F.3d 447 (5th Cir. 2001)(citations omitted); *see also Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415 (5th Cir. 2017)(citing *Hare v. City of Corinth*, 74 F.3d 633, 643 (5th Cir. 1996) (en banc)). However, proof of more than a single instance of the lack of training or supervision causing a violation of constitutional rights is normally required before such lack of training or supervision constitutes deliberate indifference. *Id*. The plaintiff must generally demonstrate at least a pattern of similar violations. *Id*. Standing alone, an expert's opinion is generally not enough to establish deliberate indifference. *Id*.

13. Additionally, *Monell's* respondeat superior exemption has been extended to private parties sued under § 1983 by "the overwhelming majority of lower courts". *See* Richard Frankel, *Regulating Privatized Government through § 1983*, 76 U. Chi. L. Rev. No. 4 (Fall 2009) (citing for example *Rodriguez v Smithfield Packing Co*, 338 F.3d 348, 355 (4th Cir. 2003); *Dubbs v Head Start, Inc*, 336 F.3d 1194, 1216 (10th Cir. 2003); *Natale v Camden County Correctional Facility*, 318 F.3d 575, 583 (3d Cir. 2002); *Jackson v Medi-Car, Inc*, 300 F.3d 760, 766 (7th Cir. 2002); *Johnson v Correctional Corp of America*, 26 Fed. Appx. 386, 388 (6th Cir. 2001); *Sena v Wackenhut*, 3 Fed. Appx. 858, 861 (10th Cir. 2001); *Street v Correctional Corp of America*, 102 F.3d 810, 818 (6th Cir.

1996); *Austin v Paramount Parks, Inc*, 195 F.3d 715, 727–28 (4th Cir. 1999); *Sanders v Sears, Roebuck & Co*, 984 F.2d 972, 975 (8th Cir. 1993); *Harvey v Harvey*, 949 F.2d 1127, 1129–30 (11th Cir. 1992); *Rojas v Alexander's Department Store, Inc*, 924 F.2d 406, 408 (2d Cir. 1990); *Taylor v List*, 880 F.2d 1040, 1046–47 (9th Cir. 1989); *Goodnow v Palm*, 264 F. Supp. 2d 125, 130 (D. Vt. 2003); *Mejia v City of New York*, 228 F. Supp. 2d 234, 243 (E.D. N.Y. 2002); *Goode v Correctional Medical Services*, 168 F. Supp. 2d 289, 292 (D. Del. 2001); *Thomas v Zinkel*, 155 F. Supp. 2d 408, 412 (E.D. Pa. 2001); *Parent v Roth*, 2001 WL 1243563, *3 (E.D. Pa.); *Kruger v Jenne*, 164 F. Supp. 2d 1330, 1333–34 (S.D. Fla. 2000); *Andrews v Camden County*, 95 F. Supp. 2d 217, 228 (D. N.J. 2000); *Edwards v Alabama Department of Corrections*, 81 F. Supp. 2d 1242, 1255 (M.D. Ala. 2000); *Smith v Ostrum*, 2000 WL 988012, *3 (D. Del.); *Donlan v Ridge*, 58 F. Supp. 2d 604, 611 (E.D. Pa. 1999); *Jones v Sabis Educational System, Inc*, 52 F. Supp. 2d 868, 878 (N.D. Ill. 1999); *Allen v Columbia Mall*, 47 F. Supp. 2d 605, 613 n 12 (D. Md. 1999); *Otani v City & County of Hawaii*, 126 F. Supp. 2d 1299, 1305–06 (D. Hawaii 1998); *Raby v Baptist Medical Center*, 21 F. Supp. 2d 1341, 1357 (M.D. Ala. 1998); *Robinson v City of San Bernardino Police Department*, 992 F. Supp. 1198, 1204 (C.D. Cal. 1998).

14. There is no evidence that the City of Texarkana, Arkansas played any role that could give rise to liability. Plaintiffs' sole corrections expert has no criticism regarding the City of Texarkana, Arkansas. (*See* Ex. D, deposition of Kenny Sanders, p. 148, lines 16-18).

<u>Texarkana, Arkansas has Sovereign Immunity to Certain Claims</u>

15. Regardless, Texarkana, Arkansas has sovereign immunity to medical malpractice claims and Arkansas constitutional claims. Arkansas municipalities enjoy statutory tort immunity. *See* Ark. Code §21-9-303. That provision provides:

**Tort liability -- Immunity declared**

(a) It is declared to be the public policy of the State of Arkansas that all counties, municipal corporations, school districts, special improvement districts, and all other political subdivisions of the state and any of their boards, commissions, agencies, authorities, or other governing bodies shall be immune from liability and from suit for damages except to the extent that they may be covered by liability insurance.

(b) No tort action shall lie against any such political subdivision because of the acts of its agents and employees.

Ark. Code § 21-9-301; *see also Duell v. Bay*, 2015 Ark. App. 577 (Ark. App. 2015).

16. Texarkana, Arkansas is an Arkansas municipality. Texarkana, Arkansas is included in the lawsuit based upon its involvement with the Bi-State Jail. As such, it enjoys statutory tort immunity. Accordingly, the Plaintiffs' claims for medical malpractice are barred by statutory tort immunity.

### Conclusion

17. Therefore, Texarkana, Arkansas is not directly liable for the actions giving rise to this litigation. Additionally, Texarkana, Arkansas is not liable under Monell. Accordingly, this court should dismiss Plaintiffs' claims against Texarkana, Arkansas.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Defendant City of Texarkana, Arkansas respectfully requests this Court grant their motion for summary judgment and grant them any such relief to which they may be entitled.

Respectfully submitted,

_____
Paul Miller

Texas State Bar No.: 14056050
Troy Hornsby
Texas State Bar No.: 00790919
MILLER, JAMES, MILLER & HORNSBY, L.L.P.
1725 Galleria Oaks Drive
Texarkana, Texas 75503
903.794.2711; f. 903.792.1276
paulmiller@cableone.net
troy.hornsby@gmail.com

*Attorneys for Defendants Southwestern Correctional, LLC d/b/a LaSalle Corrections, LLC and LaSalle Southwest Corrections; Tiffany Venable, LVN, individually; M. Flint, LVN, individually; Clint Brown, individually; Nathaniel Johnson, individually; Brian Jones, individually; Robert Derrick, individually; Daniel Hopkins, individually; Stuart Boozer, Individually; Andrew Lomax, individually; Shawn Palmer, individually; Simone Nash, individually*

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 7th day of January, 2019, this document was filed with the Clerk of the U.S. District Court for the Eastern District of Texas and served to all counsel of record via CM/ECF.

_____
Paul Miller